IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| KYLAN SCHEELE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-00407-GAF |
| | ) | |
| INDEPENDENCE SCHOOL DISTRICT, | ) ) ) | |
| | ) | |
| Defendant. | | |

# ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order (Doc. #2). The Court, being duly advised of the premises, denies said motion.

A TRO granted under Fed. R. Civ. P. 65 is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Planned Parenthood, Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 736 (8th Cir. 2008).

To prevail on a motion for TRO, the moving party must show that four factors weigh in favor of granting injunctive relief. Dataphase Sys. Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). First, the party must show that they are likely to succeed on the merits of their case. Id. Second, the party must show that the balance weighs in its favor between the threat to each party's rights from the grant or denial of the TRO. Id. Third, the party must show the impact on the public interest. Id. Lastly, the party must show irreparable harm. Id. No factor is dispositive standing alone and the Court must consider all factors together. Calvin Klein Cosmetics Corp. v. Lenox Lab., 815 F.2d 500, 503 (8th Cir. 1987).

1

The Court, having conferred with counsel for both parties on May 25, 2016, and having considered the record available as of the entry of this Order, concludes Plaintiff has not met his burden for TRO under the applicable standard. Accordingly, it is hereby

ORDERED Plaintiff's Motion for Temporary Restraining Order (Doc. #2) is DENIED.

IT IS SO ORDERED.

DATED: <u>May 25, 2018</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT